F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CODY SMITH,

Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,

Respondents - Appellees.

No. 06-5156

(N.D. Oklahoma)

(D.C. No. 05-CV-721-C)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Cody Smith, an Oklahoma state prisoner proceeding pro se and in forma

pauperis, seeks a certificate of appealability ("COA") to appeal the district court's

order denying his 28 U.S.C. § 2254 petition for habeas corpus as untimely filed.

In that § 2254 petition, Mr. Smith alleged nine contentions: (1) a double jeopardy

violation, (2-3) two claims of prosecutorial misconduct, (4-5) two claims of

judicial misconduct, (6-7) ineffective assistance of trial and appellate counsel, (8)

excessive sentence, and (9) violation of the Oklahoma post-conviction procedures

act. Mr. Smith also seeks reconsideration of the denial of his motion for

appointment of counsel. For substantially the same reasons set forth by the

district court in its well-reasoned order, we deny Mr. Smith's application for a

COA, deny his motion to reconsider the motion for appointment of counsel, and dismiss this matter.

## I. BACKGROUND

Mr. Smith was convicted of three counts of sexually abusing a minor child in Tulsa County District Court and sentenced to three consecutive twenty-five year sentences. On August 21, 2003, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction. Mr. Smith did not seek certiorari review in the United States Supreme Court.

On May 27, 2004, Mr. Smith filed his first application for post-conviction relief , which was denied on October 29, 2004. Mr. Smith did not appeal this denial. Mr. Smith filed an amended application for post-conviction relief on December 6, 2004. The state district court construed the amended application as a second application and denied relief. Mr. Smith attempted to perfect an appeal, but on January 31, 2005, the OCCA dismissed the appeal because Mr. Smith's petition was untimely.

On July 25, 2005, Mr. Smith filed a third application for post-conviction relief, which was denied on September 27, 2005. The OCCA affirmed the district court's denial of post-conviction relief. Mr. Smith filed his petition under § 2254 on December 21, 2005.

After determining that Mr. Smith's conviction became final on November 29, 2003, the district court denied the petition as time-barred under the one-year limitation period established by 28 U.S.C. § 2244(d). Noting that Mr. Smith did not present any exceptional circumstances that might warrant equitable tolling, the district court denied Mr. Smith a COA and this request followed.

## II. DISCUSSION

A COA can only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In his COA application before us, Mr. Smith does not address the untimeliness of his petition, and he

does not raise equitable tolling.  Instead, Mr. Smith focuses on his underlying claims.

Based on our review of the record on appeal, the district court's order, and Mr. Smith's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of Mr. Smith's § 2254 petition.  In other words, reasonable jurists would agree with the district court that Mr. Smith's petition is barred by the one-year statute of limitations and that this case does not present "rare and exceptional circumstances" warranting equitable tolling under 28 U.S.C. § 2244(d).  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted).  Accordingly, we DENY Mr. Smith's request for a COA, deny his motion to reconsider the denial of the motion for appointment of counsel, and DISMISS the matter.

Entered for the Court,


Robert H. Henry
Circuit Judge